**BREITHAUPT, Plaintiff-Appellee, v. McGINNIS, Defendants-Appellants**

Ohio Appeals, Second District, Franklin County.

No. 3949.   Decided February 5, 1947.

Daniel E. Bevis, Columbus, for plaintiff-appellee.

Henry A. Reinhard, Columbus, Henry L. Holden, Prosecuting Attorney's Office, Columbus, for defendants-appellants.

### OPINION

By THE COURT:

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio. The notice of appeal states that "said appeal is on questions of Law and Law

and Fact". Counsel has considered the appeal as one on law and we so regard it.

The plaintiff-appellee brought an action to recover from defendants-appellants the balance due on an oral agreement to construct an addition to and for remodeling the residence owned by the defendants-appellants, and to foreclose a mechanic's lien on said property. In his amended petition the plaintiff alleged that he was to be compensated on the basis of labor performed and material furnished; that he was to receive $1.25 per hour for his services as a carpenter, and for his services in preparing plans, purchasing materials and superintending the work, a commission of 10 per cent of the total cost of labor and materials necessary to complete the work. Plaintiff claimed there was a balance due him under said contract the sum of $844.50.

The defendants-appellants filed an answer and cross-petition. In their answer they plead a general denial, and in their cross-petition the defendants-appellants claim damages; alleging that the plaintiff-appellee entered into an oral contract to construct the building and remodel the residence for the sum of $4392.00; that the total cost greatly exceeded this amount; that the plaintiff-appellee failed to complete the work, and that a part of the work done by the plaintiff-appellee was defective which required an additional expenditure on their part, all to their damage in the sum of $2500.00.

The case was tried to the Court without the intervention of a jury. The trial judge made a personal inspection of the premises. The trial Court found the defendants were entitled to damages in the amount of $300.00, and that after deducting the $300.00 from the plaintiff's claim he was entitled to judgment in the sum of $544.50. The Court found said amount to be a valid lien on said premises and ordered said lien foreclosed in default of payment of the judgment.

The defendants-appellants assign as error,

(1) That the finding of the Court is against the manifest weight of the evidence;

(2) That the finding of the Court is not sustained by sufficient evidence; and

(3) That the finding of the Court is contrary to law.

The undisputed evidence shows that the plaintiff and defendants did enter into an oral agreement whereby the plaintiff agreed to construct a building adjacent to the residence owned by the defendants and to make certain changes in the old structure which were required to connect the two structures; that as the work progressed bills for material and labor claims were presented to Mrs. McGinnis who promptly paid

them by check; that during the progress of the work substantial changes were made in the plans for the new structure and additional improvements were made in the old structure which had not been considered by the parties at the time the agreement was entered into; that as the work neared completion the defendants had paid for labor and material approximately $9000.00; that the defendants refused to make further payments; that thereupon the plaintiff filed his lien and shortly thereafter brought this action.

The plaintiff testified that the parties agreed that the defendants should assume the position of contractor, pay for all material furnished and labor performed and pay the plaintiff his customary 10 per cent commission for his services in preparing plans, purchasing the materials and superintending the work. In support of this contention the plaintiff points out that the defendants did pay bills for material and labor as the work progressed, and agreed to pay the final labor bill presented in the amount of $303.00 if the plaintiff would repair a leak. On the other hand, the defendants testified that the plaintiff agreed to build for an agreed price, but were rather uncertain as to the exact price, sometimes claiming it to be $4392.00 and at other times they testified that they did not expect the price to exceed $5000.00 or $5500.00. In support of their contention they introduced the application filed by Mrs. McGinnis with the War Production Board showing the estimated cost to be $4392.00. The plaintiff testified that this amount was hurriedly estimated and was not intended by the parties to cover the total cost of construction, but was only at best an estimate of the cost. The plaintiff further contends that after this application was presented to the War Production Board the plans for the new structure were changed and substantial improvements were made in remodeling the old structure the cost of which was not embraced in the estimate. The defendants produced a receipt which reads as follows:

"Jan. 20, 1944.

"Received from Olive W. McGinnis
One Hundred————Cash————Dollars
for————Owe $303————
$100./00.

"Edw. Breithaupt."

Also a memorandum as follows:

"Ed  Breithaupt<br>$353./00

178

"Pd Bohanan
Plumber

50.
_____
403./00
100.
_____
303."

These exhibits are presented by the defendants to refute the claim of the plaintiff that there was due him at the completion of the work the sum of $844.50. The plaintiff testified that on January 20, 1944, the balance due of $303.00, shown by the receipt, represented the balance then due for labor only, and that thereafter he did more work on the job increasing the labor claim to $344.50. When the work was completed he entered on his books and added to the labor claim the sum of $500.00 for commission for his services in preparing the plans, furnishing material and superintending the work.

The evidence in this case is clearly and definitely in conflict. The trial judge was required to weigh the evidence and determine which witnesses were most worthy of belief and in the light of human experience determine which items of testi- found that the conduct of the defendants was inconsistent with their contention that the plaintiff agreed to build for a mony were the most reasonable and plausible. The trial Court definite price. The Court was careful to point out that the defendants paid promptly material and labor claims while the work was progressing, in an amount far in excess of the price which they claim had been agreed upon and that the defendants did so without protest. Furthermore, the Court found, and we are convinced that the evidence supports the finding of the trial Court, that the defendants acquiesced in and approved of all changes in the plans, with respect to both the new and old structures.

A reviewing Court will not reverse the judgment of the trial Court on the weight of the evidence unless the judgment in the light of the evidence adduced is of such a character as to shock the conscience of the Court to permit it to stand. A judgment should not be reversed if it appears on the face of the record that different minds could have reasonably arrived at different conclusions or unless it appears that a manifest injustice will result to allow the judgment to stand.

See **Finney v Morehouse, 27 Oh Ap 499; Kaiser v Whetstone, 30 Abs 432,** decided by the Second District Court of Ap-

peals. See also **Volume 2 O. Jur. p. 752, Sec. 663 and p. 761, Sec. 667,** and authorities cited thereunder.

After a consideration of all the evidence the Court concludes that different minds might have reasonably arrived at different conclusions in regard thereto. The trial Court resolved the issue in favor of the plaintiff. There is ample evidence to support the judgment.

Accordingly, we find the judgment of the trial Court is not against the manifest weight of the evidence; is sustained by sufficient evidence; and is not contrary to law.

Finding no prejudicial error in the record, the judgment of the trial Court is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.