KICHLER'S, INC., APPELLEE, *v.* PERSINGER, APPELLANT.

[Cite as Kichler's, Inc., v. Persinger (1970), 24 Ohio App. 2d 124.]

(No. 11254—Decided October 5, 1970.)

*Mr. Harvey A. Immerman,* for appellee.
*Messrs. Goldman, Cole & Putnick,* for appellant.

HESS, J. This is an appeal from a judgment entered by the Hamilton County Municipal Court in favor of plaintiff,

appellee herein, on its petition, and against defendant, appellant herein, on her cross-petition. The parties will be referred to as they appeared in the trial court.

In its original petition the plaintiff, Kichler's Inc., named Dr. Courtney P. Persinger as defendant. Before trial, it was stipulated between the parties and approved by the trial court that Ann Persinger, wife of Dr. Courtney P. Persinger, be and she was substituted as the party defendant. Ann Persinger accepted service of summons on the plaintiff's petition and the plaintiff accepted service of summons on the cross-petition of the defendant.

There is no material dispute on the facts presented to the trial court who sat without a jury.

The plaintiff is an Ohio corporation and is engaged in the business of selling custom slip covers, bedspreads, draperies, shades and valances for household use. The defendant is a homemaker residing in Cincinnati, Ohio.

On or about September 3, 1968, a representative of the plaintiff, Ross Kichler, called at the home of defendant who desired to purchase bedspreads, draperies and other kindred materials for her home. Plaintiff presented to the defendant catalogues of color photographs from which she selected two bedspreads, two valances and two laminated shades at the total purchase price of $122.54. She paid to the plaintiff $40.00 cash, leaving a balance of $82.54, which is the subject of plaintiff's claim.

At or about the time defendant signed the order for the materials in question, she requested that the bedspreads be made to reach from the top edge of the mattress on the bed to the floor which, upon measuring, was found to be twenty-four inches. The bedspreads were listed in the purchase order as "Mary Beth" spreads measuring 39" X 24". The evidence discloses that the color and design of the bedspreads were discussed by the parties and that plaintiff suggested that all of the materials to be used in the preparation of the bedspreads, valances and shades be made from the same bolt of cloth in order to assure the matching of colors.

When the items ordered were finished and delivered

it was discovered that the bedspreads had twenty-two inch drops instead of twenty-four as requested in defendant's order. Upon inspection by the plaintiff at the defendant's home it was evident the bedspreads were not in keeping with the order. Thereupon, plaintiff took possession of the bedspreads. Later, plaintiff returned with bedspreads which had been altered to reach the floor by addng two inches in the form of a ruffle. Defendant refused to accept the spreads so ruffled, tendered all materials to plaintiff and requested the return of the $40.00 deposited at the time she signed the purchase order. Defendant further advised plaintiff that the material in the bedspreads did not match or harmonize with the valances and shades.

It is obvious from the exhibit presented in evidence that the "Mary Beth" spreads do not have a two inch ruffle at the bottom of the drop.

In her cross-petition, plaintiff, claims she is entitled to the return of the deposit of $40.00, with interest from September 3, 1968, at six per cent per annum.

Upon the essential facts presented the trial court found the following:

"1. The plaintiff, by adding the ruffle to the second set of bedspreads in order to make them the required depth of 24 inches, did not, in the court's opinion, materially change to a substantial degree the type and design of bedspread for which the defendant-cross petitioner contracted; and,

"2. The variation in brightness and vividness of color between the shades and valances on the one hand and the bedspreads (both the original set and the second set submitted) on the other, was not of such sufficient nature that it should have been objectionable to the defendant."

Substantial performance of a contract is interpreted to mean that mere nominal, trifling, or technical departures are not sufficient to break a contract, and that slight departures, omissions and inadvertences should be disregarded. *Ashley* v. *Henahan*, 56 Ohio St. 559.

There is a great difference in performing an interior decorating contract wherein the purchaser of materials is

concerned with the motif and decor of the premises and an ordinary building or service contract where slight variances in the use of materials do not change the appearance of the premises.

In the instant case, the trial court found the bedspreads, shades and valances did not harmonize in color, and that the bedspreads were not made in keeping with the "Mary Beth" spread the defendant purchased, and concluded that such disparity was "not of sufficient nature that it should have been objectionable to the defendant"; and, further, that the addition of a ruffle did not "* * * materially change to a substantial degree the type and design of bedspread."

It is not within the power of the court to determine whether the defendant should have been satisfied with the change in color and style of the bedspreads. The defendant was entitled to receive the style and color of furnishings in decorating her bedroom that she desired and specified. The plaintiff was obliged by his contract to provide the materials desired and ordered. It is common knowledge that color and style of interior decorations vary according to the desires and aesthetic pleasure of individuals. That which may be acceptable to one individual could be wholly unacceptable to another.

It is evident from the record in this case that there was a breach of contract by the plaintiff and that the defendant should not be required to accept and pay for the materials described therein, and that defendant is entitled to judgment on her cross-petition.

Accordingly, the judgment of the Municipal Court of Hamilton County is reversed and final judgment granted in favor of the defendant in the sum of forty dollars, with interest at six per cent per annum from September 3, 1968.

*Judgment reversed.*

SHANNON, P. J., concurs.
HILDEBRANT, J., not participating.