DECISION AND JUDGMENT ENTRY
This case is before the court as an accelerated appeal from a judgment of the Ottawa County Municipal Court, which found that plaintiff-appellant, Jeffrey B. Bumbera, breached an oral contract and entered judgment in favor of defendant-appellee, Brenda Hollensen. Appellant asserts the following error occurred in the proceedings below:
 "The Trial Court committed error when it failed to make a determination and award of the fair market value (Quantum Meruit) of the Appellant's work where Appellant conferred a substantial benefit to the Appellee and otherwise substantially performed under the contract."
Appellant is a commercial artist who owns a small design business in Marblehead, Ottawa County, Ohio. He also owns a piece of commercial property that he leased to appellee for the purpose of opening a craft/gift shop. Appellee wanted to place some signs containing the shop's name and logo on appellant's building. Because he preferred to have his designs on the building, appellant offered to create the logo desired by appellee and to make the signs. In return, appellee agreed to paint the building using paint purchased by appellant.
Appellant, using appellee's suggestions, designed the logo and made the signs for appellee. Over the next two years, appellee used the signs at the site of her gift shop. The logo was also used on business cards and in advertisements. However, appellee never painted the building.
According to appellee, she opened her shop at the beginning of March and over the course of the next six months asked appellant on six occasions as to whether he was ready to have the building painted. She stated that each time the painting job was discussed, appellant said that he could not afford to purchase the paint. Finally, in August, he told her to purchase the paint and that he would reimburse her. Appellee testified that she then realized that she probably would not be reimbursed; therefore, she did not agree to purchase the paint. Appellant conceded that he told appellee to "hold off" on painting. He further acknowledged that he asked her to purchase the paint and that he would reimburse her for it.
Approximately eighteen months later, appellee moved her business to a different location, taking the signs with her. After she notified appellant of her decision to move, appellant sent her bills, totaling $1,495, for the cost of designing, making and installing the signs. He subsequently commenced the instant action in the Small Claims Division of the Ottawa County Municipal Court, seeking $3,000 damages for a breach of the oral contract.
After a hearing, the magistrate determined that appellant attempted to modify the oral contract by having appellee purchase the paint. He stated that appellee rejected the offer to modify and found that appellant breached the contract by failing to supply appellee with the paint. Appellant filed objections to the referee's report. The municipal court overruled the objections and adopted the decision of the magistrate. This appeal followed.
In his sole assignment of error, appellant presents two arguments. First, he argues that he substantially performed under the contract and is therefore entitled to recover the contract price. He asserts that asking appellee to purchase and pick up the paint is only a slight deviation from the contract terms which did not relieve her of her obligation to paint appellant's building. We find that there was some competent, credible evidence offered to support the trial court's finding of breach of contract. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, syllabus.
The undisputed terms of the parties' contract imposed an obligation on appellant to (1) make two signs and (2) provide appellee with the paint to paint the building on the leased premises. Under the terms of this contract, appellee had to furnish the labor to paint the building. We agree with the trial court in finding that the oral contract was not modified by the parties. See Nagle Heating Air Conditioning v. Heskett (1990),66 Ohio App.3d 547, 550 (the modification must be mutually assented to by the parties). Thus, the issue is whether appellant substantially complied with the terms of that contract so that he cannot be found to have breached the contract.
In order to prove a breach of contract, the plaintiff must prove the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff. Doner v.Snapp (1994), 98 Ohio App.3d 597, 600. A party does not breach a contract when that party substantially performs the terms of the contract. Ohio Farmers' Ins. Co. v. Cochran (1922), 104 Ohio St. 427, paragraph two of the syllabus. A material breach is a breach essential to the purpose of the contract. Clearing House, Inc. v.Intrak, Inc. (1990), 66 Ohio App.3d 163, 170. Nominal, trifling, or technical departures from the terms of a contract are not sufficient to breach it. Cleveland Neighborhood Health Serv.,Inc. v. St. Clair Builders, Inc. (1989), 64 Ohio App.3d 639, 644. A court should confine the application of the doctrine of substantial performance to cases where the party has made an honest or good faith effort to perform the terms of the contract. Ashley v.Henahan (1897), 56 Ohio St. 559, paragraph one of the syllabus.
In the present case, the purposes of the contract were the use of appellant's signs on appellee's business and the painting of appellant's building. In order to paint the building, appellant agreed to provide the paint at his cost. Appellant performed one of the material terms of the contract, that is, he made the signs. However, he failed to make a good faith effort to perform the second material term at a time when appellee was fully ready, willing and able to tender performance. Instead, he attempted to modify the contract and, when that failed, declined to ever tender performance. Thus, he breached the contract. Accordingly, appellant's first argument is without merit.
Appellant next asserts that he conferred a substantial benefit on appellee and should recover the cost of the signs under the doctrine of quantum meruit. We first note that appellant failed to plead quantum meruit as an alternative theory of recovery to breach of contract and proceeded in the municipal court solely on his claim of breach of contract. He cannot, therefore, raise this theory for the first time on appeal. SeeSpence v. First Fed. Savings Loan Ass'n of Delta (Aug. 21, 1992), Fulton App. No. 91-FU-00020, unreported; Barto v. Barto
(Feb. 7, 1992), Trumbull App. No. 91-T-4520.
Moreover, an express contract existed in this case.Quantum meruit is a quasi-contractual remedy imposed by courts to prevent the unjust enrichment of the alleged obligor. In contrast to express contracts, obligations recognized pursuant to a theory of unjust enrichment arise by operation of law and do not depend upon the intentions of the parties. Legros v. Tarr (1989),44 Ohio St.3d 1, 6-8; Hummel v. Hummel (1938), 133 Ohio St. 520,525-528. An express contract and an implied contract cannot exist for the same thing at the same time. Hughes v. Oberholtzer
(1954), 162 Ohio St. 330, 335. Therefore, one cannot have an express contract and seek recovery on the basis of quantum meruit. Because an express contract on the issue of signage existed in this case, appellant cannot seek recovery under a quasi-contractual theory.
For the foregoing reasons, appellant's sole assignment of error is found not well-taken. The judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 __________________________ Melvin L. Resnick, J.
Handwork, J., Knepper, P.J. CONCUR.