Plaintiff-appellant Brazos Higher Education Authority PH appeals from the default judgment of the trial court insofar as it failed to award interest on the promissory note executed by defendant-appellee Nahla Ibrahim at the variable rate specified in the Note and from the date the obligation was due and payable. We find merit to the appeal and affirm the judgment as modified.
In the complaint filed herein on May 8, 1998, Brazos Higher Education Authority PH (Brazos) alleged it was the holder in due course of a Health Education Assistance Loan Program Promissory Note executed and delivered by defendant on or about November 19, 1993.
Brazos sought compensatory damages for defendant's default on the Note, including both principal and interest. The principal amount due was $8,839.17. The interest due pursuant to the Note was calculated as being $614.57 as of January 23, 1998, and interest thereafter was required as the Note specified at the annual percentage rate which is equal to a variable rate which is calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus 2.45 percent rounding this figure up to the nearest 1/8th of one percent.
The complaint was duly served upon defendant, who failed to answer, move or otherwise respond within the time permitted by Civ.R. 12. The trial court scheduled the matter for a default hearing.
At the request of the trial court, Brazos filed a brief in support of motion for default judgment. In its brief, Brazos updated the calculation of interest and provided further support for the award sought in the complaint with an attached affidavit executed on January 18, 1999 of Claims Specialist Carmen Young. The affidavit indicated that there would be accrued interest in the amount of $1,261.32 as of January 20, 1999.
On April 29, 1999, the trial court entered judgment in favor of Brazos and against defendant. Although the trial court awarded portions of the relief sought by Brazos, the trial court declined to award interest from the date the debt became due and further declined to award interest at the variable rate sought by Brazos and required by 42 C.F.R. 60.13. Instead, the trial court awarded interest at the statutory rate of 10% annum for the period beginning January 20, 1999.
We will address plaintiff's assignments of error in the order presented.
 I. THE TRIAL COURT ERRED IN REFUSING TO AWARD INTEREST AT THE VARIABLE RATE REQUIRED BY THE PROMISSORY NOTE SIGNED BY THE DEFENDANT.
R.C. 1343.03(A) states:
 In cases other than those provided in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in the contract. (Emphasis added).
In the case herein, the promissory note indicated that the interest was to be calculated by the annual percentage rate which is equal to a variable rate which is calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus 2.45 percent rounding this figure up to the nearest 1/8th of one percent. Although the interest in the note is at a variable rate, an instrument requiring the payment of interest at a variable rate is enforceable, as long as the interest requirements are sufficiently definite and certain. Columbus Production Credit Association v. Weeks (1988), 54 Ohio App.3d 149,154; Preston v. First Bank of Marietta (1983), 16 Ohio App.3d 4, 6. To be enforceable, a provision for a variable interest rate must embody a standard by which the parties can readily ascertain the extent of their obligation at any given time. Preston, supra at 6. However, whether the interest rate is readily ascertainable or not is not determined by whether the maker of the note is himself able to determine the interest rate. Columbus Production, supra, at 152. Instead, it is determined by whether the applicable variable interest rate could be determined by a definite formula calculated by the association to get the variable rate being charged on the loan. Id. As the court in Columbus Production held:
 It is our opinion that the basic requirements of contract definiteness, so that there is no illusory or unconscionable bargain, are met when the provisions of the loan as set forth in the contract documents prescribe a means for establishing and determining the rate of interest applicable to the loan at any specific time during its course.
Id. at 152.
In the case herein, although the formula appears complicated, the defendant could ascertain the rate being charged at any time by calling the plaintiff to apply the formula.
Therefore, since the note provided a definite formula for determining the amount of interest, the trial court should have granted interest based on the formula contained in the Note.
Assignment of Error I is sustained.
 II. THE TRIAL COURT ERRED IN REFUSING TO AWARD INTEREST FROM THE DATE THE DEBT WAS DUE, AS SET FORTH IN THE PROMISSORY NOTE.
Where the amount owing under a contract is clear, interest runs on the debt from the time it was due and payable — even if liability for the debt is disputed. Cleveland Neighborhood Health Services, Inc. v. St. Clair Builders, Inc. (1989), 64 Ohio App.3d 639,647; Tony Zumbo Son Construction Co. v. Department of Transportation (1984), 22 Ohio App.3d 141, 147.
In this case, the amount due under the Note is clear and liquidated and Brazos was entitled to interest thereon from the time the debt was due and payable. Pursuant to the loan document, interest on the loan began to accrue at the rate indicated on the date the loan was disbursed. The interest was to be paid annually. As such, it was error for the trial court to award interest only from the date of January 20, 1999, when the interest, according to the schedule submitted by the claims specialist, began to accrue on July 8, 1994. The trial court should have awarded an additional $1,261.32 as interest that accrued on the debt prior to January 20, 1999, as indicated by the schedule submitted by the claims specialist showing the history of the principal and interest due.
Assignment of Error II is sustained.
The judgment of the trial court is modified to award interest as set forth in the schedule at the variable rate specified in the Note until same is fully paid and discharged and is to include the interest that accrued as of January 20, 1999.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Shaker Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 __________________________ JAMES M. PORTER, JUDGE