DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Homes of Elegance, Inc. ("Homes of Elegance"), appeals from the judgment of the Akron Municipal Court, which entered judgment in favor of appellee, Steen Electric dba Valley Heating Cooling ("Steen Electric"), in the amount of $5,276.00 arising from a contract in which appellee agreed to perform heating and cooling services for appellant. This Court reverses.
 I. {¶ 2} On October 29, 2001, appellant, a general contractor, entered into a contract with appellee, a heating and cooling subcontractor, under which appellee would furnish and install all H.V.A.C. work on a residential home known as the North Shores Project. This included furnishing and installing two furnaces and two air conditioning units.[1]
 {¶ 3} Under the terms of the contract, appellant would pay appellee one-half ($7,403.00) of the total contract price of $14,806.00 upon completion of the "rough" work and one-half ($7,403.00) upon completion of the project. There is no dispute that the "rough" work was completed and that appellant made the first payment. The dispute involves whether the project was substantially completed before appellee stopped work such that it was entitled to the second payment.
 {¶ 4} Appellee ceased work when the parties' relationship deteriorated after appellant changed the project from one containing an unfinished basement to one for a finished basement and included a large room addition. Appellee informed appellant that the existing H.V.A.C. plans contained in the contract were not sufficient for the added square footage in the house. There is a dispute regarding whether appellee timely performed the work and whether appellant requested appellee to cease performing any work or appellee stopped work on its own.
 {¶ 5} Appellant has not paid any part of the final $7,403.00. Appellee claims that it substantially performed its obligations under the contract and billed appellant $5,958.00 on January 17, 2002. Appellee filed suit against appellant alleging breach of contract. Later, appellee filed an amended complaint and appellant counterclaimed.
 {¶ 6} The trial court held a hearing and found that appellee had substantially performed the work it had contracted to perform. The court found that ninety percent of the work was completed by the time appellee stopped working. Consequently, the trial court awarded appellee ninety percent of the second billing in the amount of $5,276.70. The court also found that appellee may not have been reasonable in stopping work due to a letter from appellant's counsel inquiring as to its intentions regarding completing the work. Appellee timely appealed from the trial court's judgment, setting forth three assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"The trial court erred by allowing plaintiff [appellee] to recover despite the fact that plaintiff breached the agreement with defendant [appellant]."
 {¶ 7} This Court's determination on Assignments of Error II and III render this Assignment of Error moot.
 ASSIGNMENT OF ERROR II
"The trial court erred in finding that plaintiff's [appellee] work under the agreement constituted `substantial performance.'"
 ASSIGNMENT OF ERROR III
"The trial court erred by ignoring defendant's actual cost of completing the unfinished work."
 {¶ 8} This Court will consider these Assignments of Error together.
 {¶ 9} Whether a party has substantially performed under the terms of a contract is a question of fact. Marinich v. Bush
(Dec. 30, 1999), 12th Dist. Nos. CA99-01-011 and CA99-01-018, citing Volak v. Henderson (July 19, 1995), 9th Dist. No. 94CA005815, citing Jacob Youngs v. Kent (1921), 230 N.Y. 239,129 N.E. 889. As noted above, this Court reviews the court's findings of fact under a sufficiency of the evidence standard.Ehrich, 9th Dist No. 17089.
 {¶ 10} In this case, the trial court found that appellee performed ninety percent of the work required and therefore had substantially performed the contract
 {¶ 11} Appellant argued that this finding is incorrect. It argued that appellee did not substantially perform its obligations under the contract. Appellant cited the case ofCleveland Neighborhood Health Serv., Inc. v. St. Clair Builders,Inc. (1989), 64 Ohio App.3d 639 in support. In that case, the trial court awarded the builder the amount due under a construction contract. The Eighth District affirmed the trial court's finding that the contractor substantially performed the contract and was due the remainder of the contract amount. The facts showed that the entire contract was for the amount of $218,000.00. The evidence produced at trial showed that $2,000.00 worth of work remained to be done under the contract. The court also found that $7,000.00 worth of work was needed to correct portions of the work not properly performed. The court found that ninety five percent of the work had been completed. It used the $7,000.00 cost to complete, rather than the $2,000.00 contract price, to determine the percentage of the contract performed.
 {¶ 12} At the hearing, appellant produced evidence from Echols Heating and Air Conditioning ("Echols"), another H.V.A.C. subcontractor hired to complete the unfinished work. Echols testified that it would cost approximately $5,000.00 to finish the work. Echols also testified that completing the work of another contractor was often more expensive than under the original contract.
 {¶ 13} Appellant's calculations established that appellee had completed only two thirds of the job as measured by the method used in St. Clair Builders. Appellant reached this two thirds figure by taking the amount needed to complete the work ($5,000.00) and dividing it by the total amount of the contract ($14,806.00) [$14,806 (contract amount) divided by $5,000.00 (amount to complete job by Echols) = one third unfinished.] Appellant claimed that two thirds completion of a contract cannot be considered substantial performance. As a result, appellant argued that appellee should not have been awarded anything.
 {¶ 14} Appellee argued that the trial court properly applied the St. Clair Builders' standard in determining that it had substantially performed the contract. Appellee based its computations on the amounts provided in the contract, and not what it would actually cost appellant to complete the project, to determine what percentage of the contract remained unperformed. Appellee claimed that only approximately $1,500.00 was needed to complete the contract. Under appellee's computation, it had substantially performed by contact by performing ninety percent of its obligations. ($14,806.00 [total contract price] divided by $1,500.00 [cost under contract to complete work] = ninety percent.)
 {¶ 15} The issue in this case is whether the contract amount or the actual amount to complete the contract should to be used to determine whether a party has substantially performed its obligations under a contract. The trial court applied the contract price.
 {¶ 16} This Court finds, however, that the proper method to determine damages is the reasonable cost to complete the project; that is, to place the building in the condition contemplated by the parties at the time the parties entered into the contract.Sites v. Moore (1992), 79 Ohio App.3d 694; Barton v. Ellis
(1986), 34 Ohio App.3d 251; Jones v. Honchell (1984),14 Ohio App.3d 120; Chaney v. Ramsey (Apr. 7, 1999), 4th Dist. No. 98CA614.
 {¶ 17} In this case, appellant provided unrefuted evidence that the reasonable cost of placing the residence in the condition contracted for by both parties was $5,000.00. Using this computation, appellee had not substantially performed. "Substantial performance" is defined as to mean that "mere nominal, trifling, or technical departures are not sufficient to breach a contract, and that slight departures, omissions and inadvertencies should be disregarded." St. Clair Builders64 Ohio App.3d at 644 quoting Ashley v. Henaham (1897),56 Ohio St. 559. A party has not substantially performed when the omissions complained of are material to the essential duties promised. CAD CAM, Inc. v. Adept Mfg. Corp. (June 25, 1999), 2nd Dist. No. 17687. In this case, using the method urged by both parties, appellee only performed two thirds of its obligations under the contract. This is not substantial performance. Further, it is undisputed that appellee failed to provide two of the air conditioning units. There is no question that these units were material to the essential duties of the contract. Failure to provide them constitutes a failure to substantially perform the duties under the contract.
 {¶ 18} We find that the trial court did not have sufficient evidence to conclude that appellee substantially performed its obligations under the contract. When a party fails to substantially perform, it is not entitled to damages. Miller v.Bealer (1992), 80 Ohio App.3d 180. As such, the trial court erred in awarding appellee damages.[2] Appellant's second assignment of error is sustained.
 {¶ 19} In its third assignment of error, appellant argued that the trial court erred in using the contract price, and not the actual cost, in computing damages. This Court addressed the proper measure of damages.
 III. {¶ 20} This Court finds that the trial court did not have sufficient evidence to conclude that appellee substantially performed its obligations under the contract with appellant. Consequently, appellee is not entitled to an award of damages. The decision of the Akron Municipal Court is reversed and remanded for entry of judgment.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J., Batchelder, J., Concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] There were other projects which were included within the scope of appellee's amended complaint and appellant's counterclaim. These matters have been resolved and are not part of this appeal.
[2] It appears that the trial court awarded appellee damages because appellee conferred a substantial benefit on appellant and should in equity recover the cost under the doctrine of quantum meruit. We first note that appellee failed to plead quantum meruit as an alternative theory of recovery to breach of contract and proceeded in the trial court solely on its claim of breach of contract. It cannot, therefore, raise this theory for the first time on appeal. See Spence v. First Fed. Savings Loan Ass'n.
(Aug. 21, 1992), 6th Dist. No. 91FU000020.