FRANTZ ET AL., APPELLANTS, *v.* VAN GUNTEN ET AL., APPELLEES.

(No. 5-86-6 — Decided March 13, 1987.)

*O'Brien & Bauer* and *William S. O'Brien,* for appellants.

*Stephen A. Roepke,* for appellees Ray H. Van Gunten, Jr. and Ray H. Van Gunten & Son Building Contractors.

*Stephen C. Betts, Robison, Curphey & O'Connel* and *James E. Brazeau,* for appellees Rooney, Musser & Associates, Inc. and Douglas L. Shuck.

*Per Curiam.* This is an appeal by the plaintiffs, J. Michael Frantz and Randellyn Frantz, from three final judgments of the Court of Common Pleas of Hancock County. The first judgment granted summary judgment in favor of defendants Rooney Musser and Associates, Inc., and Douglas L. Shuck, the second granted a directed verdict on one issue and a jury verdict on the remaining issues for defendants Ray H. Van Gunten, Jr. and Ray H. Van Gunten and Son Building Contractors, and the third denied plaintiffs' motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial.

Plaintiffs and defendants Ray H.

Van Gunten, Jr. and Ray H. Van Gunten and Son Building Contractors, hereinafter "contractor," entered into a contract for the construction of an addition to the plaintiffs' home. The plans, drawings, and specifications for the proposed addition were prepared by defendants Rooney, Musser and Associates, Inc. and Douglas L. Shuck, hereinafter "architects."

The building contract contained a fixed price clause, the price being $83,477. The contract also contained a clause that any changes, additions, or deductions made during the course of construction must be reduced to writing. During construction the plaintiffs requested several modifications which were complied with, none of which was reduced to writing.

Plaintiffs paid all bills submitted by the contractor until they reached the contract price of $83,477. Thereafter, the plaintiffs refused to pay any other itemized bills submitted by the contractor to plaintiffs. The contractor filed a mechanic's lien against plaintiffs' real estate.

Plaintiffs brought this action originally against the contractor asking for specific performance and for damages flowing from the filing of the mechanic's lien. The contractor counterclaimed for the balance due under the contract and requested that the mechanic's lien be foreclosed. Plaintiffs filed a motion for summary judgment as to the mechanic's lien, which motion was granted, releasing the lien. Plaintiffs filed a supplemental complaint alleging that defendants had not completed their obligations under the contract causing damages to plaintiffs and also that defendants failed to follow drawings, specifications and plans, and generally accepted construction standards in the community in certain respects, one of which was the repair of sub-surface drainage structures. The plaintiffs then filed an amended supplemental complaint, add-

ing, as defendants, the architects. In this complaint, the plaintiffs reaffirmed their prayer for specific performance, asked for damages from the contractor for failure to follow the plans and for damages against the architects for negligently preparing the plans and also preparing them in an unworkmanlike manner as related only to the drainage.

Each of the defendants separately moved for summary judgment. In early December 1985, the trial court granted the motion of the architects on plaintiffs' complaint and the motion of the contractor as to the negligence claims related to sub-surface drainage problems as alleged in plaintiffs' complaint. However, due to an oversight, the judgment entry granting summary judgment was not prepared and filed until March 21, 1986.

A jury trial was had on the remaining contract issues involving the contractor. During trial plaintiffs abandoned their specific performance claim. At the close of the plaintiffs' case the contractor moved for a directed verdict regarding the subsurface drainage work having been done in an unworkmanlike manner. The trial court granted the motion. The remaining contract issues and the counterclaim were submitted to the jury. The jury found for the contractor on the counterclaim and against the plaintiffs on their claims. In its judgment entry of January 16, 1986, the trial court journalized the granting of the motion for a directed verdict and entered findings in conformity with the jury verdict. Plaintiffs moved for a judgment notwithstanding the verdict, or, in the alternative, for a new trial. Both of these motions were overruled in a judgment entered on February 19, 1986.

Plaintiffs originally appealed from the judgments entered on January 16, 1986 and February 19, 1986, but later amended their notice of appeal to in-

clude the judgment entered on March 21, 1986. It is from these three judgments that plaintiffs appeal and assert four assignments of error.

Assignment of error number one:

"The trial court abused its discretion and committed an error of law in granting summary judgment in favor of the appellee architects:

"(a) In that the negligence and/or failure to do a workmanlike job asserted by the appellants was of such a nature that no expert testimony was necessary in order to sustain their cause of action; and * * *

"(b) In that the appellant[s] demonstrated expert evidence on the negligence and/or failure to do a workmanlike manner asserted by the appellants and consequently such issue should have properly been submitted to the jury. * * *"

Civ. R. 56(C) provides as pertinent:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

In ruling on the motion for summary judgment the trial court considered the pleadings and the depositions of Paul Arbogast and J. Richard Hoppenjans. Interrogatories had been filed by defendants but had not been answered by plaintiffs.

In *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47, the court held:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor."

The trial court, in its judgment entry, granted the architects' motion for summary judgment as to negligence claims related to drainage problems set forth in plaintiffs' complaint.

Paul Arbogast, the general superintendent of Hossler Construction Company, the company which did the repairs to the plaintiffs' addition, testified in his deposition that the plaintiffs' drainage problems were caused by surface water, ground water, water off the downspouts in front of the house and by nature. The witness testified that he had confidence in the architects' work and did not know whether the architects had done anything wrong. In addition, J. Richard Hoppenjans, a soil and foundation engineer who prepared a report on the plaintiffs' addition for Hossler Construction Company, testified that he also had no criticisms of the drawings prepared by the architects for the addition.

We conclude that the trial court was not in error in granting the architects' motion for summary judg-

ment since there was no evidence, either by expert or lay witnesses, showing that these defendants were negligent in their preparation of the plans, drawings, or specifications.

The matters submitted to the court on the motion for summary judgment indicated that there was no genuine issue of material fact and thus reasonable minds could come to but one conclusion thereon, that being that there was no negligence on the part of the architects.

Appellants' first assignment of error is not well-taken.

Assignment of error number two:

"That the trial court abused its discretion and committed an error of law in allowing the appellee Van Gunten to introduce evidence of extra work done under a written fixed price building contract which by its terms provided for only written change orders, when such extra work was not supported by written change orders."

The applicable clause in the contract provides:

"Owners may order feasible and practical changes, additions or deductions in the work, and reasonable and appropriate adjustments therefore [sic] shall be agreed upon and reduced to writing over the signatures of the parties hereto."

In *Expanded Metal Fire-Proofing Co.* v. *Noel Constr. Co.* (1913), 87 Ohio St. 428, 440, 101 N.E. 348, 351, the court stated:

"* * * It is familiar law that stipulations in written contracts may be waived by the parties, and that a construction placed by the parties upon a written contract in the progress of its performance, with full knowledge of all the circumstances, will be binding. *Ashley* v. *Henahan,* 56 Ohio St., 559; *Campbell* v. *Kimball,* 87 Neb., 309; *Cunningham* v. *Fourth Baptist Church,* 159 Pa. St., 620; *O'Keefe* v. *St. Francis's Church,* 59 Conn., 551, 6

Cyc., 77; *Norwood* v. *Lathrop,* 178 Mass., 208; *Board of Commissioners* v. *Gibson,* 158 Ind., 471. The rule is peculiarly just when applied to building contracts, when changes are made, the necessity for which develops as the work progresses and while the parties are intent on the accomplishment of the undertaking, no fraud or undue advantage being shown."

In the testimony adduced at trial both plaintiffs testified that they requested various additions to the contract to be performed by the building contractor. The plaintiffs also testified that they expected to pay for these additions. The defendant also presented testimony that plaintiffs requested the additions. None of these requests for additions to the contract was reduced to writing. The plaintiffs were aware of the additional work being performed by the building contractor.

It is stated in 18 Ohio Jurisprudence 3d (1980) 110, 111, Contracts, Section 205, concerning orders for extras to be in writing:

"That such a provision in a contract may be waived is settled in Ohio. Such requirement will be held to have been waived by the parties when alterations have been made with knowledge and participation of all concerned, the evidence of which is clear and convincing, no fraud being shown. In this respect, the acceptance of benefits by the owner has been noticed. It is held, however, that such stipulation being for the benefit of the employer, proof of a waiver must either be in writing or by such clear and convincing evidence as to leave no reasonable doubt about it. There is no presumption as to such a waiver, and it has been stated that a mere preponderance of evidence is not sufficient to establish such a waiver." (Footnotes omitted.)

In *Cross* v. *Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E. 2d

118, paragraph three of the syllabus, the court stated:

"Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

The court further stated:

"Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. See *Ford* v. *Osborne,* 45 Ohio St., 1, 12 N.E., 526; *Cole* v. *McClure,* 88 Ohio St., 1, 102 N.E., 264; and *Frate* v. *Rimenik,* 115 Ohio St., 11, 152 N.E., 14.

"The mere number of witnesses, who may support a claim of one or the other of the parties to an action, is not to be taken as a basis for resolving disputed facts. The degree of proof required is determined by the impression which the testimony of the witnesses makes upon the trier of facts, and the character of the testimony itself. Credibility, intelligence, freedom from bias or prejudice, opportunity to be informed, the disposition to tell the truth or otherwise, and the probability or improbability of the statements made, are all tests of testimonial value. Where the evidence is in conflict, the trier of facts may determine what should be accepted as the truth and what should be rejected as false. See *Rice* v. *City of Cleveland,* 144 Ohio St., 299, 58 N.E. (2d), 768." *Id.* at 477-478, 53 O.O. at 364-365, 120 N.E. 2d at 123-124.

The trial court did not err in permitting testimony as to the additions to the contract since it was for the jury to determine whether or not the parties had waived the written-modification clause in the contract by clear and convincing evidence.

We conclude that the trial court did not err in allowing testimony concerning the additions to the contract.

Appellants' second assignment of error is not well-taken.

Assignment of error number three:

"The trial court abused its discretion and committed an error of law in granting to the appellee Van Gunten a directed verdict on the issue of negligence and/or the workmanlike job done by such appellee when such appellee admitted that he had not performed in a workmanlike manner."

At the close of the plaintiffs' case the defendants moved for a directed verdict on the issue of negligence and/or the work being done in an unworkmanlike manner as related to the drainage and underground work as required by the contract. The trial court granted the directed verdict. In its judgment entry the court stated that, in ruling on the motion, it considered the evidence most favorably to plaintiffs and concluded that reasonable minds could come to but one conclusion, that being that plaintiffs were not entitled to prevail as to their claim that defendants failed to perform in a workmanlike manner as related to the drainage and underground work.

Civ. R. 50(A)(4) provides:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

In *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282, 284-285, 21 O.O. 3d 177, 179, 423 N.E. 2d 467, 469, the court, in a *per curiam* opinion, stated:

"The law in Ohio regarding directed verdicts is well formulated. In addition to Civ. R. 50(A), it is well established that the court must neither consider the weight of the evidence nor the credibility of the witnesses in disposing of a directed verdict motion. *Durham* v. *Warner Elevator Mfg. Co.* (1956), 166 Ohio St. 31. Thus, 'if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied. *Kellerman* v. *J. S. During Co.* (1964), 176 Ohio St. 320 * * *.' *Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114, 115."

Paragraph four of the syllabus of *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215, 58 O.O. 2d 424, 280 N.E. 2d 896, states:

"It is the duty of a trial court to submit an essential issue to the jury when there *is* sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue, or, conversely, to withhold an essential issue from the jury when there *is not* sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue." (Emphasis *sic*.)

Plaintiffs' witnesses testified that the defendants did nothing wrong in the construction of the drainage system and plaintiffs presented no evidence that the defendants performed in an unworkmanlike manner.

In orally ruling on the motion for a directed verdict the trial court stated that this matter had been disposed of previously. The trial court was obviously referring to the contractor's motion for summary judgment on the issue of negligence as to the drainage work which motion was granted by the trial court but not journalized until after trial due to an oversight.

We conclude on the evidence and applicable law that reasonable minds could come to but one conclusion on the evidence and that the trial court did not commit error prejudicial to plaintiffs in granting the contractor's motion for a directed verdict on the issues of negligence and/or unworkmanlike construction.

Appellants' third assignment of error is not well-taken.

Assignment of error number four:

"The trial court abused its discretion and committed an error of law in overruling the motion of the appellants for judgment notwithstanding the verdict and in the alternative for a new trial, in that the abuse of the court's discretion and errors of law committed as set forth above were proper grounds to sustain such motion."

Plaintiffs timely moved for judgment notwithstanding the verdict pursuant to Civ. R. 50(B) with respect to the judgment of the trial court entered in conformity with the jury verdict. The motion stated that, construing the evidence most strongly in favor of the party (the contractor) against whom this motion is directed, reasonable minds can only come to the conclusion that such party as a matter of law has failed to prove entitlement to relief and/or defense.

In the alternative, the plaintiffs moved pursuant to Civ. R. 59(A) for a new trial with respect to the relief sought by the plaintiffs and the counterclaim of the defendants for the following reasons:

"1. That the award of the jury herein produced excessive and inadequate damages, appearing to have been given under the influence of passion or prejudice.

"2. That the jury erred in the

amount of recovery, in one instance granting an amount too small, and in the other instance granting an amount too large.

"3. That the judgment is not sustained by the weight of the evidence.

"4. That the judgment is contrary to law.

"5. That during the course of the trial, there was [an] error of law brought to the attention of the trial court."

The trial court found the motions not well-taken and overruled the same.

In *Posin* v. *A.B.C. Motor Court Hotel* (1976), 45 Ohio St. 2d 271, 275, 74 O.O. 2d 427, 430, 344 N.E. 2d 334, 338, the court stated:

"The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions. *McNees* v. *Cincinnati Street Ry. Co.* (1949), 152 Ohio St. 269; *Ayers* v. *Woodard* (1957), 166 Ohio St. 138; Civ. R. 50(A) and (B)."

Construing the evidence most strongly in favor of the defendants, we determine that there was substantial evidence to support their counterclaim for payment for the additional work they performed under the contract; and, applying the same standard, we determine that there was not substantial evidence to support the plaintiffs' claim that defendants breached the written contract by their failure to perform in accordance with the terms of the written contract for which the plaintiffs expended additional sums to complete the work.

We conclude that the trial court was not in error in denying plaintiffs' motion for judgment notwithstanding the verdict for the reasons set forth above.

In their alternative motion for a new trial the plaintiffs listed five reasons — three of which required the trial court to employ an abuse-of-discretion standard; and two of which required the court to decide whether an error of law materially affected the substantial rights of the parties.

The applicable standard in ruling on a motion for new trial, for the reasons that the jury's award of damages was excessive or inadequate due to the influence of passion or prejudice, the jury erred in the amount of recovery, and the judgment is not sustained by the weight of the evidence, is set forth in 40 Ohio Jurisprudence 2d (1967) 901-902, New Trial, Section 6, which states:

"The granting or refusing of a motion for a new trial rests largely in the sound discretion of the trial court, and the granting or denial of such a motion will not be disturbed on review unless there has been a plain and clear abuse of judicial discretion. Moreover, the meaning of the term 'abuse of discretion' in relation to the granting of a motion .for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court." (Footnote omitted.) See, also, *Steiner* v. *Custer* (1940), 137 Ohio St. 448, 19 O.O. 148, 31 N.E. 2d 855.

In ruling on a motion for new trial for the reason that the judgment is contrary to law or, that during the course of the trial an error was brought to the trial court's attention,

the trial court must decide whether or not the error materially affected the substantial rights of the party aggrieved. See 40 Ohio Jurisprudence 2d (1967) 961, 983, 985, New Trial, Sections 54 and 69.

We conclude that the trial court was not in error in denying plaintiffs' motion for new trial since it is clear that the trial court did not abuse its discretion by acting unreasonably, arbitrarily, or with an unconscionable attitude in denying the motion.

Appellants' fourth assignment of error is not well-taken.

Finding no error of the trial court prejudicial to appellants as assigned and argued, we affirm the judgment of the Court of Common Pleas of Hancock County.

*Judgment affirmed.*

MILLER, P.J., GUERNSEY and CARNEY, JJ., concur.

GUERNSEY, J., retired, of the Third Appellate District, sitting by assignment.

CARNEY, J., retired, of the Court of Common Pleas of Cuyahoga County, sitting by assignment.