Defendant-appellant cross-appellee Rockport Retirement Ltd. Partnership (Rockport) appeals from the trial court's judgment in favor of plaintiff-appellee cross-appellant Bain Builders, Inc. (Bain). After a trial to the bench on a breach of contract claim, damages were awarded to Bain in the sum of $57,110.48. The prejudgment interest award requested by Bain was denied and is the subject of the cross appeal.
This suit arises out of a written construction and remodeling contract between the appellant and the appellee. The contract called for the appellee to replace the main portion of the roof on a building owned by the appellant. The written contract stated that: "NO ALTERATIONS OR CHANGES SHALL BE MADE, HOWEVER, EXCEPT UPON THE WRITTEN ORDER OF THE OWNER OR HIS AUTHORIZED REPRESENTATIVE, PRIOR TO INSTALLATION." During the course of the construction, various changes were requested by the appellant and performed by the appellee. Some of the changes were reduced to writing while others were not. This suit was filed, in part, in order to recover for the changes requested by the appellee which were not reduced to writing. The appellant also sought recovery for various other costs, such as rental on equipment loaned to the appellant by the appellee and the cost of shingles purchased by the appellee, but used by another contractor at the direction of the appellant. There is no dispute as to the quality of the work performed by the appellee.
On April 5, 1996, Dam filed its complaint. Prior to trial, the first cause of action in foreclosure, based on a mechanics' lien, was dismissed, as were all defendants save the appellant. In the second cause of action, the appellee asserted a breach of contract claim for $27,628.80. The amended complaint, filed March 14, 1997, stares that appellee discovered that partial payment of the initial claim had been made and that a valid claim in excess of $24,000 remained. The prayer requests an amount to be proven at trial. During opening argument, the appellee requested damages in the sum of $65,000.
The following findings of fact and conclusions of law were signed by the trial court and were the basis for the judgment.
The Court found:
 1. The Plaintiff Bain Builders and Defendant Rockport Retirement Limited Partnership, who is the owner of the property located at 20375 Center Ridge Road, Rocky River, Ohio, did on or about February 15, 1995 enter into a contract for construction and remodeling of a building and other structures located at such address. Such agreement was for the replacement of the main portion of the roof and such replacement cost one hundred seventy thousand dollars ($170,000.00)
 2. The structure was to be covered with vinyl siding to be placed on the structure by Plaintiff Bain and such work and materials were in addition to the work contracted for as set out in the agreement of February 15, 1995. This was to be performed by the Plaintiff Bain Builder for the defendant Rockport and this increased the cost of the project to the amount of two hundred forty-six thousand three hundred ninety-eight dollars ($246,398.00)
 3. The Defendant Rockport appointed Defendant Management Associates to act as its general agent and empowered such defendant Management Associates with the general power of an agent to perform all acts, and enter into any agreement, modify any agreement to carry out the construction of the building located as set out above and do all other acts in the agents (sic) sole discretion that such acts were needed to carry out the construction and remodeling of the building and other structures on the property of the Defendant Rockport.
 4. Defendant Rockport so instructed the Plaintiff Bain Builders that the defendant Management Associates would act as its General agent and shall have full power in carrying out the construction of such building to enter into additional agreements, modify agreements, and do all other acts to carry out the construction project. The Plaintiff shall receive all direction, orders which could include changes to the project, and additions in the construction project from Defendant Management Associates acting as General agent of Defendant Rockport.
 5. Defendant Management Associates in exercising such General agency acted on behalf of the defendant Rockport and commenced the management of the construction and remodeling of such building.
 6. The architectural plans in existence and forming the basis of the contract between Plaintiff Bain Builders and Defendant Rockport were not correct and, if followed, would result in an (sic) constructing an unsafe building. Extensive modifications were made subsequent to the original agreement to the architectural plans and resulted in much additional work and materials being both performed and supplied by the Plaintiff Bain Builders.
 7. Plaintiff Builders completed all terms of all agreements and the construction performed by the Plaintiff Bain Builders was satisfactory and in doing this the Plaintiff Bain Builders earned all funds as set out below in performing such work and providing materials.
 8. Plaintiff Bain Builders and Defendant Rockport entered into agreements for further construction changes as both set out in the changed architectural plans and in requiring the plaintiff to perform additional work not contained within the plans resulting in additional cost for plaintiff which Defendant Rockport agreed to pay the plaintiff and such agreements and extensive additional work increased the cost of the portion of work performed by Plaintiff Bain Builder (sic) from one hundred seventy thousand dollars to two hundred sixty-three thousand two hundred thirteen dollars and eighty nine cents ($263,213.89).
 9. Defendant Rockport paid to the Plaintiff Bain Builders only a portion of such amount due and did not pay the balance of thirty-one thousand five hundred fifty dollars and eighty-eight cents ($31,550.88) and such amount is still due and owing and became due and owing as of June 1, 1995.
 10. In July of 1995 Plaintiff Rockport through its general agent Defendant Management Associates agreed to additional work to be performed by the Plaintiff which caused an amount to be due for such work in the amount of two thousand dollars ($2,000.00) and such construction work has not been paid, became due and owing on July 30, 1995, and is still due and owing.
 11. During the time of the construction of the building, the Plaintiff purchased shingles for the portion of the roof for which it had been contracted to place on the structure and paid for all of the shingles present at such job site. Further the shingles purchases (sic) were of better quality as ordered pursuant to the order of the Defendants who agreed to pay the cost increas (sic) for such additional quality but did not and such amount of one thousand three hundred sixty-eight dollars ($1,368.00) and such amount is still due and owing.
 12. The Defendants took shingles which were the property of the plaintiff Bain Builders and had the shingles placed on other portions of roof of the building that Plaintiff Bain Builders was not responsible (sic). The plaintiff purchased them and such shingles are worth two thousand two hundred forty dollars ($2,240.00) and such amount is demanded of the Defendants but the Defendants have refused payment and such amount is still due and owing.
 13. The Defendant ordered additional construction consisting of carpentry and the placement of Lam Beams and Masonry work that was in addition to the work paid for as the amount as set out above and further the defendant agreed to pay the plaintiff for the use of his machinery and such amount for such construction and rental including the cost of the shingles as set out in finding of fact numbered eleven and twelve totaled twenty-three thousand five hundred fifty-nine dollars and sixty cents ($23,559.60) which became due on September 30, 1995 and such amount is due an owing.
 14. Plaintiff demanded payment of such amounts as set out above in the amounts of thirty-one thousand five hundred fifty dollars and eighty-eight cents ($31,550.88 see finding of fact number 9) two thousand dollars ($2,000.00 see finding of fact number 10) and twenty three thousand five hundred and fifty nine dollars and sixty cents ($23,559.60 see finding of fact number 13) but the defendants have refused to pay such money and such total amount of fifty-seven thousand one hundred ten dollars and forty-eight cents ($57,110.48) is due and owing.
 15. Further the Court finds that as to the Counterclaim of the defendant Rockport in that money is due and owing to the plaintiff for work performed at the real property of the Defendant Rockport that there was a factual basis for the filing of a lien on such property. Further the defendants having failed to fully prosecute such claim to the Court in that insufficient evidence was presented to support such claim, the Court finds there is no basis for such counterclaim of defendant Rockport as to fraudulent filing of a Mechanic (sic) Lien by Plaintiff Bain Builders.
 THEREFORE IT IS ORDERED ADJUDGED AND DECREED that the defendant ROCKPORT RETIREMENT LIMITED PARTNERSHIP shall pay to the plaintiff fifty seven thousand one hundred ten dollars and forty eight cents ($57,110.48).
 FURTHER IT IS ORDERED ADJUDGED AND DECREED that defendant MANAGEMENT ASSOCIATES shall jointly and severally pay to plaintiff Bain Builders fifty-seven thousand one hundred ten dollars and forty eight cents ($57,110.48) which is the same amount as set out and required to be paid by Defendant ROCKPORT RETIREMENT LIMITED PARTNERSHIP.
 FURTHER IT IS ORDERED ADJUDGED AND DECREED that the claims of the Defendant Rockport Retirement Limited Partnership as brought against the Plaintiff Bain Builders be dismissed.
 FURTHER IT IS ORDERED ADJUDGED AND DECREED that all costs of this action shall be paid by defendant Rockport and Defendant Management Associates.
The appellant sets forth two assignments of error.
The appellant's first assignment of error:
 THE TRIAL COURT'S JUDGMENT IN FAVOR OF PLAINTIFF IN THE TOTAL SUN OF $57,100.48 (sic) IS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The appellant argues that the trial court adopted the appellee's findings of fact and conclusions of law without considering the testimony and documentary evidence. The appellant asserts that the court ignored the intent of the parties as expressed in the written contract. Additionally, the appellant states that the damage calculation given by the appellee's counsel in closing did not conform to the evidence presented during trial.
The Supreme Court has held that the law in Ohio is clear that an appellate court will not disturb the findings of the trier of fact unless they are against the manifest weight of the evidence.Landis v. Kelly (1875), 27 Ohio St. 567; State, ex rel. ShadyAcres Nursing Home, Inc. v. Rhodes (1983), 7 Ohio St.3d 7. Moreover, if the judgment of the trial court is supported by some competent, credible evidence, it will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279; Stevens Skin Softner Inc., v. Revco Drug StoreInc. (1997), 121 Ohio App.3d 212. Every reasonable presumption must be made in favor of the judgment and the findings of fact.Seasons Coal Co. v. Cleveland (1984). 10 Ohio St.3d 77. If the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment. White v. Euclid Square Mall (1995),107 Ohio App.3d 536.
The Supreme Court has noted that where a building or construction contract stipulates that additional, altered, or extra work must be ordered in writing, the stipulation is valid and binding upon the parties, and no recovery can be had for such work without a written directive therefor in compliance with the terms of the contract, unless waived by the owner or employee.Foster Wheeler Enviresponse, Inc. v. Franklin County ConventionFacilities Authority (1997), 78 Ohio St.3d 353. The cardinal purpose for judicial examination of any written instrument is to ascertain and give effect to the intent of the parties. Id. Clear and convincing evidence is needed to waive the contract provision requiring that changes be made in writing. Foster Wheeler, supra, citing to Ashley v. Henahan (1897), 56 Ohio St. 559. Where there is undisputed fact that the alterations were ordered, by someone with authority to do so, the clause requiring written changes may be waived. Id.
This court has held that waiver occurs where there is clear and convincing evidence showing the parties were aware of and participated in the alterations, and there is no presence of fraud. Cervenka v. Lapinski (1993), Cuyahoga App. Nos. 62402, 62403, unreported; citing to Franz v. Van Gunten (1987), 36 Ohio App.3d 96.
This rule is viewed as distinctively just with regard to building contracts because changes are oftentimes made as the work progresses and the parties desire to accomplish the project.Franz, supra, citing to Expanded Metal Fire-Proofing Co. v. NoelConstr. Co. (1913), 87 Ohio St. 428.
The initial contract price was contained in the written contract. In the following paragraphs, this court has attempted to provide a synopsis of the basic figures given in evidence and outline the path the court followed in arriving at its damages award. The numbers may not tally to the penny, but the thought process was easily followed.
Stipulated Exhibits 1, 5, 6, and 7 contain the following information:
 Exhibit 1 original contract price $170,000.00 Exhibit 5 signed change order 22,002.62 Exhibit 6 signed change order 8,321.00 Exhibit 7 signed change order + 46.075.00 ------------ Total $246,398.62
Thus, even the parties agreed that the total amount of the contract was at least $ 246,398.62.
It is evident from the damages award given to Bain that the trial court gave credence to the information contained in appellee's Exhibit 21 and Exhibit 24. Exhibit 21 is an invoice dated May 10, 1995 from Bain to Rockport. Bain testified that this invoice was a result of his review of his business records up to that date (T. 41). Exhibit 24 is an invoice from Bain to Rockport dated December 19, 1995. Bain testified that this invoice was prepared by his office for the purpose of placing before the appellant the sums he believed to be due and owing (T. 54, 55). These exhibits were accepted in evidence by the trial court (T. 244)
In Exhibit 21, Bain placed in the invoice an additional $20,000 to the contract price for work performed. The total contract price was listed in this exhibit as $266,821.89. The cost of a requested upgrade in shingles and the cost of shingles owned by Bain and used by another contractor were subtracted from this contract price because they are both reflected elsewhere. The trial court subtracted $3,608 for the costs of the shingles and arrived at a final contract price of $263,213.89.
From this total contract price, the trial court determined that Rockport owed to Bain a sum of $31,550.88 on the written contract. This figure was also arrived at by using Exhibit 21. In this invoice, the appellee sought an unpaid balance of approximately $36,640. From this unpaid balance, the trial court subtracted:
 $ 36,640.00 3,608.00 the cost of shingles listed elsewhere ----------- $ 33,032.00 — 192.00 paid to laborer Daniel Trappenburg ----------- $ 32,840.00 — 1.290.00 paid to laborer Ken Miller ----------- Total $ 31,550.00
The trial court arrived at a total amount owed by Rockport to Bain both under the written contract and on other work. The court added:
 $31,550.88 owed from contract price 2,000.00 unsigned change order +23,559.60 other unpaid work invoiced on exhibit 24 ----------- $57,110.48
The trial court arrived at the figure of $23,559.60, the other unpaid work, by using an invoice from Bain to Rockport. Exhibit 24, dated September 19, 1995 details the following charges:
 $ 1,368.00 Shingles owned by Bain and used by another contractor 2,240.00 additional cost for more expensive shingles as requested 4,600.00 carpenter work/lam beams 4,100.00 mason work 3,200.00 rental of forklift 100.00 cost of forklift repair 3,000.00 rental of backhoe 375.00 cost of tire repair to backhoe + 650.00 chimney work --------- total $19,633.00
To this total was added 10% profit and 10% overhead:
 $ 19,633.00 1,963.30 + 1,963.00 ----------- $ 23,559.60
The record shows that the appellant produced lien waivers for approximately $258,030.08. However, in his testimony, David Bain stated that the appellant insisted he sign documents prior to payment (T. 230). Bain also testified that the appellant kept ordering changes to the original construction plan, but failed to place these requests in writing (T. 80). In fact, the entire transcript reflects that the project was subject to constant change and revision. In one instance, Bain performed $20,000 worth of work which the appellant had requested. Although Bain performed the work, the appellant issued an unsigned change order for only one-half the amount (T. 224, 225).
There is no evidence, as the appellant alleges, that the trial court failed to consider the testimony and the exhibits or that the trial court was somehow unduly swayed by a final argument which did not reflect the evidence. Based on the record as a whole, the testimony of David Bain, and the exhibits admitted in evidence, there is clear and convincing evidence that the parties were aware of and anticipated alterations to the written contract. There is no allegation or indication of fraud by either party. Bain testified that the changes were ordered by the management company, who was clearly in charge of the project. The findings of fact and conclusions of law reveal that the court considered both the testimony and the exhibits accepted in evidence.
The record contains competent, credible evidence, which if believed by the trial court, would support the award of $57,110.48 to the appellee.
The appellant's first assignment of error is not well taken.
The appellant's second assignment of error:
 THE ADMISSION OF EVIDENCE OF DAMAGES IN EXCESS OF THE AMOUNT PRAYED FOR IN BAIN'S AMENDED COMPLAINT PREJUDICED ROCKPORT IN MAINTAINING ITS DEFENSE UPON THE MERITS.
The appellant asserts there was no motion filed by the appellee pursuant to Civ.R. 15(A) to recover damages in excess of its pleading. The appellant argues that the trial court's award of damages conforming to the evidence presented at trial may be limited by the establishment of prejudice to the losing party.
The version of Civ.R. 54(C) in effect after 1994 and pertinent here states:
 (C) Demand for Judgment. A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, Even (sic) if the party has not demanded the relief in the pleadings.
Civ.R. 15(2), which is to be read in conjunction with Civ.R. 54(C), states:
 (B) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
Under the wording of Civ.R. 54(C) damages may be recovered which have not been set out in the complaint. Alexander v. Culp
(1997), 124 Ohio App.3d 13, citing to Sandusky Mall Co. v. PetCorner, Inc. (1997), 117 Ohio App.3d 198 and Riggs, Ferris Greer v. Lilibridge (C.A.2 1963), 316 F.2d 60. The court inAlexander, supra, considered whether or not there was resulting prejudice to the defendant and found, in that case, there was none.
Here, the appellee filed an amended complaint setting forth both an action in foreclosure based on a mechanics' lien and a cause of action for damages for breach of contract. In the body of the amended complaint, in count one, at paragraph 6, the appellee states that it performed a variety of other construction work on the project not contained in the original agreement. The amended complaint alleges that this work was agreed to both orally and in writing. The value of the work was alleged to have exceeded $200,000. At paragraph 8 of the amended complaint, the appellee stated that it had been promised payment for the use of its equipment. Count two asserted that the appellee had a valid claim against the appellant "in excess of $24,000." In the amended complaint's prayer, appellee requested judgment on contract claim against appellant in an amount "to be proven at trial" plus interest and costs.
Since the amended complaint set forth issues concerning contract work agreed to orally and for the rental payments on equipment, the appellee cannot claim surprise. Although the sum requested at trial differed from that given as a base number in the amended complaint in count two, no final damage amount was given. The appellant has failed to demonstrate how this lower figure prejudiced his preparation of the case.
The appellant's second assignment of error is overruled.
The appellee cross-appellant sets forth one cross assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY EXERCISING DISCRETION WHEN RULING AGAINST BAIN BUILDERS, INC.'S MOTION FOR PREJUDGMENT INTEREST.
The cross-appellant asserts that pursuant to R.C. 1334.03(A) it was entitled to prejudgment interest as a matter of law.
R.C. 1343.03(A) states in pertinent part:
 * * * when money becomes due and payable upon any bond, bill, note, or other instrument of writing * * * and upon all judgments * * * of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum.
The Supreme Court has held that in determining whether to award prejudgment interest pursuant to R.C. 1343.03(A) a court need only ask one question: Has the aggrieved party been fully compensated? Royal Elec. Constr. Corp. v. Ohio State Univ.
(1995), 73 Ohio St.3d 110, 116. In Commsteel, Inc. v. BenderConstr., Inc. (Dec, 3, 1998), Cuyahoga App. No. 74189, unreported, this court followed Royal Elec., supra, and noted that the Supreme Court stated:
 An award of prejudgment interest encourages prompt settlement and discourages defendants from opposing and prolonging, between injury and judgment, legitimate claims. Further, prejudgment interest does not punish the party responsible for the underlying damages, * * * but, rather, it acts as compensation and serves ultimately to make the aggrieved party whole. Indeed, to make the aggrieved party whole, the party should be compensated for the lapse of time between accrual of the claim and judgment.
Thus, an award of prejudgment interest is not left to the discretion of the trial court when the action is based in contract. See Dwyer Elec., Inc. v. Confederated Builders, Inc.
(Oct. 29, 1998), Crawford App. No. 3-98-18, unreported.
However, the trial court, in its discretion, must make the factual determination as to when interest commences to run. The determination as to when the claim becomes due and payable, and what legal rate of interest should be applied, is within the sound discretion of the trial court. Dwyer, supra, citing toRoyal Elec., supra and Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339, 342.
The appellee cross-appellant's assignment of error is well taken.
Judgment for Bain Builders, Inc. affirmed. Case reversed and remanded for hearing on the issue of prejudgment interest.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
DIANE KARPINSKI, P.J., and TIMOTHY E. McMONAGLE, J., CONCUR
 ______________________ JAMES D. SWEENEY JUDGE