OPINION
Plaintiff-appellant ("appellant"), Beverly Shealy, appeals from a judgment of the Crawford County Common Pleas Court, entered in favor of defendant-appellee ("appellee"), Mark Phillips, following a jury trial in a wrongful death action. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts of the case are as follows. On April 15, 1996, appellant's husband, Ramon Shealy, was riding his bicycle eastbound on State Route 96, near Tiro in Crawford County, Ohio. At the same time, appellee was driving his automobile eastbound on the same roadway. As the two approached the intersection of State Route 96 and New Haven Road, the bicycle and the automobile collided. As a result of the accident, Mr. Shealy was killed.
Appellant, individually and as executrix of the estate of Ramon Shealy, filed a wrongful death action against appellee alleging negligence and against Allstate Insurance Company, seeking contractual underinsured motorist benefits as a result of this accident. Prior to the trial, all the parties entered into a written stipulation whereby Allstate Insurance Company would not participate in the trial, but would be bound by the verdict.
A jury trial commenced in this matter on March 10, 1999. On March 19, 1999, the jury returned a verdict in favor of the appellee. The jury found that appellee was 20% negligent and Mr. Shealy was 80% negligent. It is from this judgment that appellant appeals, asserting six assignments of error.
 Assignment of Error Number 1 The trial Court [sic] committed prejudicial error by overruling Plaintiff's Motion for Directed Verdict on the issue of comparative negligence at the end of Defendant's case in chief, as Plaintiff was entitled to judgment in her favor as a matter of law on Defendant's affirmative defenses of comparative negligence and assumption of risk.
 The appellant alleges that appellee failed to establish an independent basis for his affirmative defenses of comparative negligence and assumption of the risk and the trial court committed prejudicial error when it denied appellant's motion for directed verdict. For the following reasons, we disagree.
Civ.R. 50(A)(4) provides the standard for directed verdict and states in part:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
In Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 284-285, the Supreme Court of Ohio, in a per curiam opinion, stated:
 The law in Ohio regarding directed verdicts is well formulated. In addition to Civ.R. 50(A), it is well established that the court must neither consider the weight of the evidence nor the credibility of the witnesses in disposing of a directed verdict motion. Durham v. Warner Elevator Mfg. Co. (1956), 166 Ohio St. 31. Thus, if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied.
See also, Frantz v. Van Gunten (1987), 36 Ohio App.3d 96.
It is the duty of a trial court to submit an essential issue to the jury when there is sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue, or, conversely, to withhold an essential issue from the jury when there is not sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue. O'Day v. Webb (1972), 29 Ohio St.2d 215.
Appellant claims that appellee was negligent in failing to maintain an assured clear distance. At the trial, appellee testified that the decedent turned left in front of him, cutting off his assured clear distance. Appellee also presented an expert who testified that the angle of impact was 45x, indicating that the bike was turning at the time of impact. Given the conflicting testimony, clearly reasonable minds could reach different conclusions on the issue of whether Mr. Shealy was negligent. Furthermore, appellant concedes in her brief that the testimony of appellee and his expert creates a jury question. (Appellant's brief page 10.)
It appears that appellant is asserting that in light of the jury's verdict her motion for directed verdict should have been granted. This argument is illogical. The trial court correctly applied the standard for directed verdict under Civ.R. 50(A)(4) and properly denied appellant's motion for directed verdict.
Accordingly, appellant's first assignment of error is overruled. Appellant's second and third assignments of error are virtually identical and therefore will be addressed simultaneously.
Assignment of Error Number 2
 The trial Court [sic] committed prejudicial error by charging the jury on the issue of comparative negligence, when the Defendant failed to produce any evidence to establish the elements of this affirmative defense.
 Assignment of Error Number 3
 The trial Court [sic] committed prejudicial error by charging the jury on the issue of assumption of risk, when the Defendant failed to produce any evidence to establish the elements of this affirmative defense.
Appellant contends that the trial court erred in instructing the jury on the issues of comparative negligence and assumption of the risk because no evidence was produced to establish the elements of these defenses. We disagree.
As previously stated, appellee presented evidence that Mr.Shealy turned left in front of him and that the angle of impact was 45x. It was also brought out that Mr. Shealy was not wearing reflective clothing, only a reflective helmet. There was also testimony concerning the level of visibility that existed, given that the accident occurred at dusk. This evidence was offered by the appellee to establish the affirmative defenses of comparative negligence and assumption of the risk. Therefore, appellant's second and third assignments of error are without merit and are overruled.
Assignment of Error Number 4
 The trial Court [sic] committed prejudicial error when it charged the jury that Plaintiff's Decedent had the duty to
 make a left turn signal and failed to charge that it was Defendant's burden by a preponderance of the evidence
 to prove that Plaintiff was turning left and he failed to signal.
Appellant asserts that the trial court erred by instructing the jury that Mr. Shealy had a duty to signal. For the following reasons, we disagree.
The instruction in question was as follows.
 Now, a driver of a vehicle must not turn right or left on a highway until he has used ordinary care to make sure that the movement can be made with reasonable safety.
 They also must give a proper signal. The driver of a vehicle must give a continuous signal by hand and arm at least 100 feet prior to making his turn so as to clearly show approaching traffic his intention to make that turn. A failure to give that signal is negligence.
Appellant cites Gallias v. Ossman (June 26, 1995), Harrison App. No. 457, unreported, as support for her assignment. In that case the trial court gave the same instruction questioned here. The Seventh District Court of Appeals found that because the case was only an assured clear distance ahead case and no evidence had been presented concerning a turning situation, such instruction was prejudicial.
In this case, however, there is evidence concerning a turning situation. The essence of appellee's affirmative defense is that Mr. Shealy turned in front of him. Therefore, this case is not similar to Gallias and this instruction was appropriate in this matter. Accordingly, appellant's fourth assignment of error is overruled.
 Assignment of Error Number 5 The jury's verdict finding that Plaintiff was comparatively negligent is contrary to law.
 Appellant contends that the result reached by the jury was contrary to law. For the following reasons, we disagree.
The jury rendered a verdict in favor of the appellee in this matter. The jury was given three interrogatories to answer before rendering a verdict. The interrogatories were as follows.
 Interrogatory (A): Was the defendant negligent and did that negligence directly and proximately cause any injury to the plaintiff?
 Interrogatory (B): Was the plaintiff negligent and did that negligence directly and proximately cause the plaintiff's own injury?
 Interrogatory (C): State the percentages of negligence that directly and proximately caused the plaintiff's injury.
The jury answered "yes" to Interrogatory A and B and attributed 80% of the negligence to plaintiff and 20% to the defendant.
In her brief, appellant speculates as to the rationale the jury used in reaching their verdict. Appellant has no basis for this assignment absent pure conjecture. Therefore, this Court will not address this assignment of error any further.
Accordingly, appellant's fifth assignment of error is overruled.
 Assignment of Error Number 6 The jury's verdict finding that Plaintiff was comparatively negligent is contrary to the manifest weight of the evidence.
 Appellant contends that the verdict rendered was against the manifest weight of the evidence. We disagree.
In reviewing the final determination of a jury, an appellate court is constrained by the principle that judgments supported by competent, credible evidence going to all the material elements of a case must not be reversed as against the manifest weight of the evidence. Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223. An appellate court must indulge every reasonable presumption in favor of the trial court's judgment. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. In the event evidence is susceptible to more than one interpretation, the appellate court must construe it consistently with the trial court's judgment.Gerijo, supra.
As previously stated, the appellee testified that Mr. Shealy turned left in front of him. Other evidence was presented that substantiated the appellee's testimony. Therefore, competent, credible evidence exists from which the jury could have reasonably based its verdict. Accordingly, appellant's sixth assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., dissents and SHAW, J., concurs in judgment only.