OPINION
The instant appeal arises from a judgment of the Court of Common Pleas of Hancock County denying a motion for new trial filed by Plaintiff-Appellant, Catherine Oakman, following a jury verdict in favor of Defendant-Appellee, Kathryn Wise, in a personal injury tort action. Consistent with the discussion set forth below, we affirm the trial court's decision.
The following provides a brief synopsis of the pertinent background facts:
 The origin of this case dates back to June 14, 1990 when the parties were involved in an automobile collision in Findlay, Ohio. As a result of the accident, Appellant filed a complaint, alleging that Appellee's negligence caused her to sustain various injuries, including those to the neck, upper back and shoulders. Appellant also claimed that she suffered headaches, permanent scarring, and mental anguish due to the incident. A statement of damages was subsequently filed requesting the court to award Appellant $500,000.
The case proceeded to a jury trial in March 1994. At trial, Appellee admitted responsibility for causing the collision, but did not admit to proximate cause or the amount of damages incurred; thus, evidence concerning these issues was presented to the jury. After hearing the evidence, including testimony from several expert witnesses, the jury returned a verdict in favor of the defendant, apparently rejecting the idea that Appellee's actions proximately caused Appellant's injuries. The jury awarded zero damages to Appellant and the court entered judgment accordingly.
As a result of the adverse judgment, Appellant filed a March 30, 1994 motion for new trial pursuant to Civ.R. 59(A)(4) and (6) on the grounds that the jury awarded inadequate damages due to prejudice and that the verdict was against the manifest weight of the evidence. Although the trial court denied the motion on the prejudice prong, the court agreed with Appellant's weight of the evidence argument and granted the motion for new trial in an August 3, 1994 judgment entry. Appellee took an immediate appeal from this decision. This Court affirmed the judgment in Oakmanv. Wise (Mar. 16, 1995), Hancock App. No. 5-94-34, unreported.
The case then proceeded to jury trial for the second time in March 1996. After considering the evidence presented, the jury returned a verdict in favor of Appellee. Consequently, Appellant filed another timely motion for new trial, again alleging that the jury awarded insufficient damages due to passion or prejudice. In addition, Appellant also claimed, in accordance with Civ.R. 59(A)(7) and (9), that an error of law at trial caused the unfavorable result, and that the judgment was contrary to law.
The trial court took more than three years to rule on the matter. A December 6, 1999 judgment entry found all of Appellant's arguments to be without merit. Appellant then filed the instant appeal, stating the following as her only assignment of error:
 The trial court erred to the prejudice of Plaintiff/Appellant by denying Plaintiff/Appellant's motion for a new trial.
 Civ.R. 59 governs motions for new trials and provides that such motions may be granted under certain circumstances. A decision to deny a request for new trial is not subject to reversal on appeal unless the trial court abused its discretion. Dillon v. Bundy (1991), 72 Ohio App.3d 767, 773; Yungwirth v. McAvoy (1972), 32 Ohio St.2d 285. An abuse of discretion implies that the court engaged in arbitrary, unreasonable or unconscionable decision-making. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Since Appellant sets forth three grounds upon which the trial court should have granted her motion for new trial, we have chosen to discuss each ground separately.
 I. Inadequate Damages
Civ.R. 59(A)(4) provides that "[a] new trial may be granted" where the jury awards "inadequate damages, appearing to have been given under the influence of passion or prejudice[.]" The assessment of damages is generally an issue to be decided by the jury. Weidner v. Blazic (1994), 98 Ohio App.3d 321, 334. A court may not award a new trial on the basis of inadequate damages unless the movant is able to establish that the verdict resulted from jury passion and prejudice and that it was "so disproportionate in amount as to shock reasonable sensibilities."Pena v. Northeast Ohio Emergency Affiliates, Inc. (1995),108 Ohio App.3d 96, 104.
It has been held that the size of a verdict, without more, is insufficient to prove passion or prejudice. Weidner, supra at 334-335. "There must be something contained in the record to which the complaining party can point that wrongfully inflamed the sensibilities of the jury." Shoemaker v. Crawford (1991),78 Ohio App.3d 53, 65. In order to determine whether passion or prejudice affected a damage award so as to warrant a new trial, an appellate court should "consider the amount of the verdict, whether the jury considered incompetent evidence, improper argument by counsel or other improper conduct which can be said to have influenced the jury." Dillon, 72 Ohio App.3d at 774, citingFromson Davis Co. v. Reider (1934), 127 Ohio St. 564.
In this case, Appellant cites two reasons to support the argument that the jury acted under passion or prejudice when deciding to award zero damages: (1) that the record supports a finding of per se prejudice because the jury ignored unrefuted expert testimony of proximate causation; and (2) that the jury was unduly influenced by Appellant's statement that she contacted Appellee shortly after the accident to inquire about her insurance. Neither of these contentions has merit.
The record reveals that following the accident, Appellant complained of chronic pain in her neck, shoulders, and upper back. She also stated that she suffered from constant headaches and numbness in her extremities. Appellant testified that her everyday activities, including her ability to perform her duties at Findlay Industries, were severely hindered because of these injuries. In an attempt to alleviate the pain, Appellant sought treatment from medical doctors and chiropractors. In 1991, Appellant underwent surgery for a ruptured disc situated between the fifth and sixth vertebrae in her neck. She continued various therapies and treatments throughout the years, but stated that the pain is never-ending.
During her case-in-chief, Appellant called several medical doctors and chiropractors that had treated her condition over the years. Each of the witnesses stated that in their expert opinions, Appellant's injuries were caused by the June 14, 1990 accident and that the surgery, hours of treatment, and months of missed work were necessary under the circumstances.
While Appellee did not call any expert witnesses during her own case, defense counsel elicited certain damaging testimony during cross-examination. Appellant's family physician, Dr. Frank Cosiano, stated that he had treated Appellant for neck pain and severe headaches prior to the 1990 accident. In addition, the evidence revealed that Appellant had been involved in an auto accident in 1986, wherein she sustained serious neck injuries. In fact, as a result of the prior accident, Appellant underwent surgery on the disc directly above the one that was operated on in 1991. Appellant's neurosurgeon, Dr. Leo Clark, stated that since Appellant had had neck problems in the past, she could have suffered from these more recent injuries in the absence of an event like an auto accident. Similarly, Dr. Kay Bowsher, stated that the 1986 accident could have caused the arthritic changes that Appellant has experienced.
Defense counsel also attacked Appellant's credibility. On direct examination, Appellant stated that although she didn't think she was hurt immediately after the crash, she began to feel significant pain in her head, neck and shoulders the day after the accident, and even called in sick to work that day. However, Appellee testified that Appellant stated that she felt fine during a phone conversation that took place between the parties two days after the accident.
It is the jury's responsibility to weigh the evidence and determine what credibility, if any, to assign to the witnesses.Tapia v. Kaufman (Feb. 4, 1991), Putnam App. No. 12-89-12, unreported, citing State v. DeHass (1967), 10 Ohio St.2d 230, 231. Contrary to Appellant's claim, the medical testimony was not conclusive. There was enough evidence presented at trial, which, if believed, indicated that there was no causal relationship between the 1990 accident and Appellant's injuries. Thus, we cannot find that the jury was prejudiced just because the members chose not to believe Appellant's version of the facts.
Appellant next claims that the following statement, made while she was responding to questions on rebuttal, improperly influenced the jury:
 Q. Cathy, do you recall speaking with Mrs. Wise at the accident scene?
 A. Yes, I do.
 Q. Other than at the accident scene, did you ever talk to her again about the accident and your injuries?
 A. I did call her from the hospital while my mom was having her surgery and that's when I talked to her, asked her about her insurance and —
 After defense counsel lodged an objection, the court instructed the jury to disregard the comment about insurance. Aside from the fact that Appellant's own attorney elicited the comment and should not be able to take advantage of such an error on appeal, we are mindful of the general rule that reviewing courts must presume that a jury will follow a court's curative instructions. State v. DePew (1988), 38 Ohio St.3d 275, 284. Given the court's immediate instruction, we find that this fleeting comment, standing alone, does not demonstrate prejudice to the point of warranting a new trial.
Based upon the foregoing, we find that the trial court did not abuse its discretion in refusing to grant Appellant's motion for new trial under Civ.R. 59(A)(4).
 II The Judgment is Contrary to Law
Civ.R. 59(A)(7) provides that a court may grant a motion for new trial in the event that "[t]he judgment is contrary to law." Herein, Appellant maintains that the judgment in favor of Appellee is contrary to law because the expert witnesses conclusively established that the June 14, 1990 accident proximately caused Appellant's injuries. We are not convinced. While it is true that Appellant presented the jury with five experts espousing one particular theory of causation, that does not mean that the jury was required to accept or believe those opinions. See Tapia,supra at *2. As we stated previously, there is enough evidence, which if believed, supports the idea that Appellant's injuries were not caused by this particular collision. Therefore, Appellant's argument that the trial court erred by refusing to grant her motion for new trial pursuant to Civ.R. 59(A)(7) is not well-taken.
 III. Error at Trial
Civ.R. 59(A)(9) states that a new trial may be granted in the event an error of law has occurred at trial. Appellant claims that the error at trial occurred in the case sub judice when the court refused to grant her motion for directed verdict made pursuant to Civ.R. 50. We disagree.
As an initial matter, we point out that Appellant has furnished only a partial transcript of the proceedings, which failed to include the portions of the trial in which Appellant made the motion and the court's subsequent ruling. "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." State v. Hileman (1998), 125 Ohio App.3d 526,527, quoting Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
Since the judgment entry in this case makes a brief reference to the motion, and both parties concede that Appellant properly moved for a directed verdict at the appropriate times, we can presume that the motion actually occurred at trial. However, the lack of a transcript leaves us with neither knowledge as to Appellant's basis for the motion, nor the trial court's basis for overruling the motion. Civ.R. 50(A)(3) provides that such a motion "shall state the specific grounds therefor." Based upon the state of the record before us, we are required to assume the validity of the court's decision and overrule Appellant's argument.
Notwithstanding this defect, even if we were to assume for the sake of argument that Appellant moved for a directed verdict on the grounds that the jury could only reach one conclusion as to the issue of proximate cause, we would find that assertion without merit. Civ.R. 50(A)(4) states as follows:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
 In addition, it is well established that in disposing of such a motion, the trial court is prohibited from considering the weight of the evidence and the credibility of witnesses. Frantz v. Van Gunten (1987), 36 Ohio App.3d 96, 101, quoting Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 284-285. Therefore, if reasonable minds can reach different conclusions upon the evidence presented, the court must deny a motion for a directed verdict. Id.
Herein, regardless of the number of expert witnesses who testified on behalf of Appellant, there was substantial evidence to support a finding that the jury could have reached a different conclusion as to the issue of proximate causation. In particular, we note the testimony of both Dr. Clark and Dr. Bowsher that it was possible that the 1990 auto accident did not contribute to Appellant's present injuries. In light of this and other evidence that we have already mentioned above, we cannot conclude that the trial court erred in denying Appellant's motion for a directed verdict. Thus, since no error of law occurred at trial, it follows then that the trial court did not err in denying Appellant's subsequent motion for new trial on the basis of Civ.R. 59(A)(9).
Based upon the foregoing, Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 ______________________________ WALTERS, PRESIDING JUDGE
 HADLEY, P.J., and SHAW, J., concur.